UNITED STATES BANKRUPTCY COURT PRIVATE
FOR THE WESTERN DISTRICT OF MICHIGAN

IN RE:

**MELINDIA JACKSON**                                                       Case No. 09-08360
    Debtors.
_____/

## CHAPTER 13 PLAN

[X ] Original  [ ] Amendment #   [ ] Pre-Confirmation  [ ] Post-Confirmation

**(1) GENERAL PROVISIONS**

    This plan will use the term "Debtor" to refer to the person or both persons who filed the Petition in this case.  Terms listed after a "()" are applicable only if the box is marked.

    **(A)  FUNDING**

    The Debtor will make periodic payments to the Trustee for a term of **[x ] Three (3) years;**  [ Five (5) years;  **The effective date of the Plan shall be the date of its confirmation.**

    The Debtor submits all or such portion of the Debtor's future income to the control of the Trustee as in or may be necessary for the execution of the plan.  The Debtor, or the Debtors employer shall pay to the Trustee the sum of  **$ 870.00**_ per ( ) Week, ( ) Bi-weekly, **(x)monthly** or ( ) other Debtor to adjust plan payment amount accordingly after payoff of the 401(k) loan in approximately ___ months in the amount of $____ per month.

    Pursuant to Local Rule 3015(c): the Debtor shall submit all disposable income directly to the control and supervision of the Trustee.  If the Debtor becomes 30 days delinquent in making payments under the Plan, the Trustee may submit a payroll order to the Clerk with an appropriate affidavit (copies to the Debtor and Debtor's counsel) and the Court may enter the payroll order without further hearing.  The Debtor shall notify the Trustee immediately of any change of employment until the plan is completed.

    **Pursuant to 11 U.S.C. section 1326, the Debtor shall commence making payments not later than 30 days after the date of filing said Plan or the Order for Relief, whichever is earlier.**

    **(B)  LIQUIDATION TEST**

    The amount to be distributed on each allowed unsecured claim under the Plan shall not be less than the value as of the Petition date of the amount that would be paid on such a claim if the estate of the Debtor was liquidated under Chapter 7 of the Bankruptcy Code.

    **(C) DISPOSABLE INCOME & TAX REFUNDS**

If this Plan provides for a dividend of less than 100% to all filed and allowed general unsecured creditors, the Debtor agrees to pay into the plan all disposable income as defined under 11 U.S.C. section 1325 (b)(2) for a period of not less than the Applicable Commitment Period or completion of the plan, including but not limited to: income tax refunds, property tax creditors, gambling winnings, inheritances, judgments, settlements, etc. received during that period. The Debtor agrees to maintain the same level of exemptions as when the case was filed except as dictated by a change in the dependency allowances(s) and/or marital status. The Trustee shall have the discretion to increase the percentage to the unsecured creditors as a result of additional payments made under this provision.

### (D) BALLOON PAYMENT

The Debtor shall remit such additional sums as may be necessary to complete payments required under the plan within 60 months of Plan confirmation. This provision is not in lieu of or a substitute for regular Plan payments.

### (E) VESTING OF ESTATE PROPERTY

Upon confirmation of the Plan, pursuant to 11 U.S.C. section 1327(b) all property of the estate shall vest in the Debtor, except for: I) the future earnings of the Debtor; ii) additional disposable income as defined in paragraph C; and iii) other property necessary to the Plan (including personal and real property as defined in the Plan and any associated insurance proceeds which may be used by the Debtor, with Court approval, to purchase replacement collateral.) 11 U.S.C. section 348 (f)(1) remains effective in the event of a conversion to another Chapter.

### (F) PROHIBITION AGAINST INCURRING POST-PETITION DEBT & DISPOSAL OF PROPERTY

During the term of this Plan, the Debtor shall not incur post-petition debts in excess of $1,000.00 without first obtaining approval from the Court and may not dispose of any real or personal property with a value greater than $1,000.00 without first obtaining the consent of the Court pursuant to 11 U.S.C. section 364.

### (G) UNSCHEDULED CREDITORS FILING CLAIMS

If a creditor's claim is not listed in the schedules, but the creditor nonetheless timely files a proof of claim, the Trustee is authorized to classify the claim into one of the classes described above and to pay the claim consistent with that classification.

### (H) ALLOWANCE OF LATE FILED CLAIMS

Any claim filed late by omitted pre-petition creditors due to failure to receive notice of the Bankruptcy petition filing shall be allowed as timely filed after a proper motion and hearing on the allowance of said claim.

### (I) PLAN REFUNDS

The Trustee may in the exercise of their duties to assist the Debtor in the performance under the Plan, grant reasonable refunds to the Debtor from the funds paid to the Trustee but not

distributed to the Creditors, to meet emergency situations, which may arise during the course of the plan. The plan duration shall be extended to the extent necessary to repay all refunds granted.

### (2) TREATMENT OF CLAIMS

**A.    Administrative priority claims:**        The Debtor shall pay in full, in deferred cash payments, all allowed claims entitled to priority under 11 U.S.C. section 507.

1).    The Trustee shall be paid the percentage fee set forth from time to time by the U.S. Department of Justice, Executive Office of the U.S. Trustee.  Such fee shall be taken on all Plan receipts at the time funds are distributed by the Trustee to any party other than the Debtor.

2).    The Counsel for the Debtor has received a retainer in the amount of **$_800.00_** prior to the filing of this case.  The balance of attorney fees in the amount of **$_1800.00_** plus any additional attorney fees as may be allowed are to be paid as an administrative expense through the plan.  After Trustee fees and prior to ongoing monthly payments to Creditors, Counsel for the Debtors shall be paid a minimum of **$250.00** upon confirmation and 10% of subsequent Plan disbursements to creditors thereafter until paid in full.  To the extent there are insufficient funds to pay the secured claims the attorney fees will not be paid until secured claims are paid as defined by the Plan.

### (B)  OTHER PRIORITY CLAIMS

1.    Other Priority Claims within this class (allowed claims entitled to priority under section 507) shall be paid in full, in deferred cash payments, subsequent to the payment of all secured claims.  These claims consist of the following Creditors.

**Creditor**                                                             **Amount**

2.    **Pre-petition claims of Friend of the Court**, alimony or other child support arrears shall be paid in full within the time frame allotted for this Plan by the Trustee.

**Creditor**                                                             **Amount**


3.    **Other priority payment provisions**:

### (C) SECURED CREDITORS

1. **Debtors principal residence- mortgage:**

**a).**    **WELLS FARGO** holds and shall retain its first lien position securing such claim of real property.  The Creditor shall be paid its regular monthly payment of $715.00 per month in the following manner:

**(X )    Payments through the Plan, commencing with the first payment due thirty (30) days from the date bankruptcy has been filed with Court, or subsequent to the first date set for hearing on Plan Confirmation and (X ) prior to or () pro-rata with monthly payments to other** secured Creditors, if any.

3

**Estimated arrearage to Countrywide is approximately $6000.00.**

**Real Property tax Escrow:** ( ) The Trustee will escrow $0.00 per month for payment of future property taxes on the Debtor's residence. The escrow funds will be disbursed upon the Trustee's receipt of a real estate tax bill.

2. **Pre-petition Real Estate Tax Claims:** shall be paid pro-rata, subsequent to monthly payments on the Debtor's residence, but together with all remaining secured claims. The Creditor shall retain its lien on the real property pursuant to applicable state statute. This Creditor shall be entitled to receive its statutory interest and collection fees as set forth on its proof of claim.

3. **Other real property creditors** (if any) shall be treated as follows:

4. **Personal Property**

(a ) Collateral to be retained: each secured creditor in this class shall retain its lien and shall be paid the fair market value of the underlying collateral as set forth below. Each secured creditor shall be paid pro-rata with other secured claims unless otherwise indicated below. The excess of any secured claim over the fair market value of the collateral shall be paid as a general unsecured claim. The interest rate on the secured portion of the claim shall be ___ % or the contract rate, whichever is lower..

(b ) 11 USC 1325 (a)(5): The holder of such claim shall retain the lien securing such claim until the earlier of the payment of the underlying debt determined under non bankruptcy law; or discharge under section 1328; and if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable non bankruptcy law; and the value as to the effective date of the plan, or property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim if payments, such payments shall be in equal monthly amounts; and the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan.

**Creditor                         Collateral                         OWES         FMV**
[ ]  910 day car claims: The secured claim on the _____ vehicle is not subject to a cramdown because the debt that is the subject of such claim was incurred within 910 days prior to filing. The Debtors shall pay the monthly payment amount of $00 on the total balance of $.00 on this claim.

[ ]  Non 910 day car claims: The secured claim on the _____ vehicle is subject to cramdown because the debt that is the subject of such claim was not incurred within 910 days prior to filing. The Trustee shall pay the total amount of $_____ at $_____ per moth for 36 months. The total amount paid includes interest at the rate of 8% and is based on a $_____ value.

5. **Collateral to be surrendered**: The following collateral will be surrendered to the creditor and any deficiency shall be treated as a general unsecured claim:

4

**Creditor**                                    **Collateral**

### (D) GENERAL UNSECURED CLAIMS

After payment of all claims described above, the Trustee shall disburse any remaining funds to general unsecured creditors whose claims are timely filed a total base of $**1000.00, OR 36 MONTHS, WHICHEVER PROVIDES MORE TO UNSECURED CREDITORS.**

The amount to be distributed on each allowed unsecured claim under the Plan shall not be less than the value as of the petition date of the amount that would be paid on such a claim if the estate of the Debtor was liquidated under Chapter 7 of the Bankruptcy code.

### **SPECIAL UNSECURED CLAIMS**

Claims in this class may include debts co-signed by an individual other than the Debtor, debts for non-sufficient funds or debts that are non-dischargeable such as student loans or criminal fines.  Payments to these creditors to be disbursed pro-rata with dividends to allowed General unsecured creditors until all unsecured creditors have been paid the base or percentage provided, or the plan has continued for at least 36 months, whichever provides the greater dividend to unsecured creditors, including interest if specified above.  Said debt shall be non-dischargeable after completion of the plan.

### (G) CREDITORS TO BE PAID DIRECTLY BY DEBTOR(S)

The following creditors shall be paid directly by the Debtor and not by the Trustee for the reason that the Debtor is current on the debt(s):

**CREDITOR**                                    **COLLATERAL**

The automatic stay with respect to enforcement of the lien on the above collateral shall be lifted upon confirmation of the Plan.

### (H) EXECUTORY CONTRACTS AND UNEXPIRED LEASES

1.    **Land contracts:** The Debtor will assume the following land contract and the pre-petition defaults on assumed land contracts shall be treated as follows:

**Creditor**          **Pre-petition arrears**    **Payment to cure**    **ongoing payment**

2.    **Other Executory contracts:**  The Debtor has the following executory contracts, which may include tenancy leases, vehicle leases, so called rent-to own contracts and the like which shall be treated as follows:

**Creditor**                                    **Property**

5

### (J) PAYMENTS TO RETIREMENT ACCOUNT

[ ]     Debtor shall continue making contributions to the 401(k) as set forth prior to filing said bankruptcy petition.

[x ] If the Plan is confirmed as a 100% plan for unsecured creditors, and is ever modified to reduce such dividend below 100% and the Debtor(s) is/are making voluntary contributions to a 401(k) or similar plan, and/or making voluntary repayments on a loan taken against the 401(k) or similar plan, the Debtor(s) hereby agree(s) to the following:

(a) Current contributions to the 401(k) or similar plan shall cease on the date the chapter 13 plan is modified to a less than 100% plan, and the Debtor's payment to the Chapter 13 Plan shall increase by that amount, and;

(b) The trustee has a reserved right to bring any action pursuant to the Trustee's avoidance powers as defined by the Code, with respect to pre or post-petition contributions and/or loan repayments made from the inception of the case until amended to a less than 100% plan. The Debtor(s) agree(s) that the provisions of 11 U.S.C. section 546 are expressly waived if the Plan is modified after two years after the entry of the Order of Relief.

### (4) INJUNCTION AGAINST FUTURE INDEBTEDNESS AND DISPOSAL OF PROPERTY

Upon confirmation of this Plan, the Debtor may not, during the Plan's term, apply for consumer credit in excess of $500.00 without prior consent of the trustee, may not apply for other credit without prior consent of the Court, and may not dispose of any real or personal property without complying with L.B.R. 13.16 (E.D.M.).

### (5) PROHIBITION AGAINST TAX SET-OFFS AND TAX RETURN DISCLOSURE

Any pre-petition or post-petition tax refund due the Debtor shall not be used by any government agency to set-off any pre-petition obligation of the Debtor.

A.  Tax returns; all tax returns which have become due prior to the filing of this case have been filed, except as follows:

B. Debtor engaged in Business:

( )  Debtor is self-employed and incurs some trade credit in the production of income.

1.      11 U.S.C. Section 1304 (b) and (c) regarding operation of the business and duties imposed on the Debtor are incorporated herein by reference.

2.      The Debtor shall comply with the provisions of the Definitive Order entered by the Court, including but not limited to filing with the Trustee such business reports, income tax returns, and any other such documentation regarding the operation of the business as may be required by the Trustee on a monthly basis or otherwise.

**(6) DISCHARGE AND DUTY OF SECURED CREDITORS**

After completion by the Debtor of all payments under this Plan:

(a) the Debtor will receive a discharge of all dischargeable debts; and

(b) any secured creditor that has received payment of its secured claim pursuant to the provisions of this Plan shall execute and deliver to the Debtor such mortgage discharge, release or termination statement as is, or may be, required by law to release any lien secured by property of the Debtor.

**(8) OTHER PROVISIONS:**

**TRUSTEE AVOIDANCE POWERS:**
**The Debtors acknowledge that both pre and post confirmation the Trustee has certain avoidance powers pursuant to section 544, 545, 547, 548, 549 and 550. The Debtors acknowledge that any action brought by the Trustee, either pre or post confirmation, pursuant to these avoidance powers is preserved for the benefit of the Estate pursuant to '551. The Trustee may bring any avoidance action within the period of time set forth in section 546.**

Dated: ____                                    ___/s/ _____
                                                Melindia Jackson, Debtor

7